# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

### SEARS ET AL. v. ROBINSON ET AL.

SECRET TRUST IN FRAUD OF CREDITORS: EVIDENCE NOT SUFFICIENT TO ESTABLISH.

*Appeal from Pottawattamie Circuit Court.*

#### FRIDAY, JUNE 8.

THIS action and another involving the same questions were submitted together. They are between the same parties, except that J. L. Forman is a defendant in one, and R. Percival is a defendant in the other. The determination of one case determines the other.

It is sought by the actions to subject certain real estate, the title to which is held by Mary Robinson, to the payment of certain judgments against Wm. H. Robinson. There was a decree for the defendants, and plaintiffs appeal.

*W. P. Brewer*, for appellants.

*Sapp & Lyman*, for appellees.

ROTHROCK, J.—The defendant, Wm. H. Robinson, failed in business in Council Bluffs in 1859 or 1860. In the years 1861 and 1862, some twenty-six judgments were entered up against him in the district court of Pottawattamie county, aggregating many thousands of dollars. Nearly all of these judgments remain unpaid.

In 1878 or 1879, Robinson went to Leadville, Colorado, and engaged in mining, and operating and dealing in mining claims. He owned an interest in a mine called "The Miner Boy." The defendant, Mary A. Robinson, is his wife, and she also went to Leadville, and while there she borrowed $500 of a brother of her husband, and purchased from her husband a part interest in said mine, and afterward sold her interest for $10,000. She bought the real estate in controversy with the proceeds of the sale of her interest in the mine. It is claimed by the plaintiffs that her interest in the mine and in the real estate in controversy is nothing but a sham, and that she took and held these interests in secret trust for her husband, and to enable him to avoid the payment of the judgments against him.

The case, therefore, must be determined by the facts attending these transactions. Without reviewing the evidence in detail, we deem it sufficient to say that we do not think plaintiffs have made such a case as entitles them to the decree they ask. The fact that Mrs. Robinson borrowed the $500 and purchased the interest in the mine, is established by the testimony of all the parties to the transaction. It is true, she is the wife of Wm. H. Robinson, and her interest in the mine sold for a very large advance upon what she paid for it; and the sale of the mine, and the purchase and improvement of the real estate in controversy, were managed principally by the husband. Yet, in view of the uncertainty and fluctuation in the value of mining property, we are not prepared to say that the transaction is shown to be fraudulent. And, regard being had to the rights of a married woman under our laws to acquire and hold property, independent of the husband, we cannot say that his management of her affairs as shown in the evidence authorizes a finding that she should be divested of the property.

AFFIRMED.